UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH R. PICKEREL,<br><br>              Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>              Respondent. | Case No. 1:09-CV-357-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action is Respondent's Motion to Dismiss without Prejudice, or, Alternatively, to Stay Federal Habeas Proceedings. (Dkt. 17.) Also pending is Petitioner's Motion to Rule. (Dkt. 22.) Having reviewed the record and the arguments of the parties, the Court enters the following Order.

## BACKGROUND

Petitioner pled guilty to and was convicted of sexual abuse of a minor in the Fourth Judicial District Court in Ada County, Idaho. The judgment of conviction was entered on November 5, 2008. When he filed his federal Petition for Writ of Habeas Corpus, his time period to file a state post-conviction petition had not yet expired. Petitioner subsequently filed a state post-conviction petition, on December 11, 2009. Petitioner's state post-conviction relief petition has not been fully and finally adjudicated

in the state court system.¹

## RESPONDENT'S MOTION TO DISMISS

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).² A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

Before a habeas petitioner may present an issue for federal court review, he must first exhaust his state court remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Idaho, that means presenting all of one's claims to the Idaho Supreme Court in a

---

¹ See Ada County Register of Actions, Case No. CV-PC-2009-23581, at www.idcourts.us/repository. It appears that a motion to dismiss is currently being adjudicated in the state district court.

²*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**MEMORANDUM DECISION AND ORDER - 2**

procedurally proper manner.

All of the claims raised in the federal Petition are also being raised for the first time in Petitioner's pending state post-conviction application. Therefore, Petitioner's claims are unexhausted. Idaho has a one-year statute of limitations for post-conviction filings, and it appears that Petitioner's application was timely. If that is the case, Petitioner's federal habeas corpus statute of limitations will be tolled during the entire time the post-conviction action is pending, through a final decision by the Idaho Supreme Court. *See* 28 U.S.C. § 2244(d)(1)&(2).

The Court has reviewed Petitioner's federal statute of limitations period to determine whether prejudice to Petitioner would result from dismissal of the Petition. A prisoner whose state criminal conviction and sentence became final after April 24, 1996, must file his federal petition within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's one-year statute of limitations for his federal habeas corpus action began running on December 15, 2008, 42 days after judgment was entered, because no direct appeal was filed.

Petitioner's federal statute of limitations continued to run until he filed his state post-conviction action on December 11, 2009, which tolled or stopped the statute after it had run for 361 days.[3] If Petitioner completes his action either by the Idaho Supreme

---

[3]AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other

Court issuing an opinion in the case or denying a petition for review after the Idaho Court of Appeals has issued an opinion on appeal of the post-conviction action, the federal statute will begin running again with 4 days left; it will not start over again at 365 days. Petitioner will have to file his federal Petition immediately, which is a consequence of having waited nearly one full year to file his state post-conviction action, causing the remaining federal statute of limitations time to be so short.

While the United States Supreme Court has recently determined that a federal court can stay a *mixed* petition containing exhausted and unexhausted claims for good cause, *see Rhines v. Weber*, 544 U.S. 269 (2005), there is no authority that a federal court can stay a completely unexhausted petition. In *Rhines*, the Court repeatedly emphasized that there remains a "total exhaustion requirement" for federal habeas corpus claims. Because no authority exists for the Court to stay a completely unexhausted petition, Respondent's Motion to Dismiss without Prejudice will be granted, and the Alternative Motion to Stay will be denied.

---

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 4**

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Dismiss (Docket No. 17(a) ) is GRANTED.

2. Respondent's Alternative Motion to Stay (Docket No. 17(b)) is DENIED.

3. Petitioner's Motion for a Court Ruling (Docket No. 22) is DENIED, insofar as it requests the Court to hear the merits of his unexhausted claims immediately.

DATED: **August 12, 2010**

Honorable Edward J. Lodge
U. S. District Judge